Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

MARION WEBSTER )
)
    Plaintiff )
)
v. )      CIVIL ACTION NO: _____
)
NEW ENGLAND FOLK FESTIVAL )
ASSOCIATION, INC. )
)
)
    Defendant )

## COMPLAINT
(For Declaratory and Emergency Preliminary and Injunctive Relief, Legal Fees and Costs)

### JURISDICTIONAL AUTHORITY OF THE COURT

This action is brought pursuant to 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. §§ 2201,2202, 42 U.S.C. c. 126, §§ 12102 et seq. and the Title III Regulations of 28 CFR Part 36, specifically §36.501 authorizing private suits, §36.504(a)(1)(a) authorizing the Court to "grant[] temporary, preliminary, or permanent relief and §36.505 authorizing the payment of reasonable legal fees and costs. This Court has jurisdiction specifically delegated to it by the United States Congress in the Americans with Disabilities Act. This action seeks to redress the deprivation under federal law of rights, and the privileges, and immunities secured by the United States Constitution and the laws of the United States to all citizens.



Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

## THE PARTIES

1. Plaintiff, Marion Webster ("Webster"), is a natural person with a place of residence in Clinton, Worcester County in the Commonwealth of Massachusetts.

2. Defendant, New England Folk Festival Association, Inc., ("Defendant") is a Massachusetts nonprofit corporation with a principal office at 67 Wildwood Avenue in Newton, Middlesex County in the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

3. Defendant organizes and conducts a folk festival, which in 2023 will commence on April 21, 2023 at the Best Western Royal Plaza and Trade Center in Marlboro. ("the Festival")

4. The Festival is a public event held at a place of public accommodation which has traditionally been held annually.

5. For the Festival being held in 2023, the Defendant has imposed specific "vaccine" and "mask mandates" that relate exclusively to the SARS-CoV-2 virus, but no other medical conditions or airborne pathogens or other medical conditions or concerns. (See, Mandates attached to Webster, Exhibit A).

6. There is currently no epidemic or pandemic relating to SARS-CoV-2, as is noted in the attached Affidavit of Webster, Exhibit A.

7. As is discussed in the Affidavit of Webster, Webster has a "disability" as defined under the Americans with Disabilities Act, 42 USC 126 §12102(1)(A) and 28 CFR §36.105 in



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

she has a "physical...impairment that substantially limits one or more major live activities..." The term "major life activities" is defined in 42 USC 126 §12102(2)(A), in that the medical impairment impacts "...eating, sleeping...breathing, concentrating, thinking..."

8.  As discussed in the Affidavit of Webster, she is under the care and treatment of her physician, who has advised her she cannot wear a face mask or withstand injections of experimental and untested drugs.

9.  Because she cannot wear a face mask or withstand the requisite injection demanded by the Defendant, Webster has been barred from public access to a place of public accommodation on the basis of her disability.

10. 28 CFR §36.105 provides broad instructions for review of claims of discrimination on the basis of disability, which requires that the term "shall be construed broadly" and must consider "[w]hether an individual has a record of an impairment that substantially limited a major life activity...[which]...should not demand extensive analysis."

11. Webster is protected from the bar to access to places of public accommodation on the basis of her disability, as further defined under 28 CFR Part 36, which implements policies and procedures of enforcement as to Title III of the ADA.

12. "Place of public accommodation" is defined in 28 CFR §36.104(3) to include a "place of public exhibition or entertainment" and in 28 CFR §36.104(4) to include "convention center, concert hall, lecture hall or other place of public gathering."

13. The Festival is a public accommodation.

14. 28 CFR §36.202 states that "a public accommodation shall not subject an individual or class of individuals on the basis of disability of such class or individual on the basis of


Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

disability…" and may not deny "the opportunity of the individual or class to participate in or benefit from the goods, services, privileges, advantages, or accommodations."

15. The Americans with Disabilities Act specifically recognizes that the Act and the intention of the Act can be violated by "overprotective rules and policies." §12101, and, under 28 CFR §36.201(b) a policy which is overprotective, overbroad and in violation of the ADA is one not "based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities."

16. The Defendant informed Webster's counsel that the basis of the Festival's policy was not actual danger or real risk, but on the timidity of the Festival's volunteers. In short, the policy is based upon "mere speculation, stereotypes or generalizations…" that those who cannot comply with mask mandates, vaccine mandates and the like are unacceptable plague rats.

17. The appropriate "reasonable accommodation" owed to the Plaintiff as an individual and a member of her class of disabled people is to declare the overprotective rules and policies to be a violation of the ADA, and to order them stricken for the duration of the Festival.

18. Webster, through counsel, has notified the Defendant that its actions constitute an impairment of the rights of the disabled, and received a written response attached as an Exhibit to this Complaint as Exhibit B.

19. Webster, through counsel, and acting in accordance with L.R. 7.1 prior to seeking injunctive relief and 28 CFR 36.506, which encourages litigants to use "alternative means of dispute resolution, including settlement negotiations…" was summarily rebuffed by Defendant's counsel. See, Exhibit C. The Defendant has simply refused to participate in an interactive process.



Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

20. As a result of Webster's exclusion from participation in a public accommodation while as a disabled individual and member of a class of similarly situated disabled individuals, Webster has been harmed by denial her rights as a disabled citizen under the Americans with Disabilities Act and has otherwise been harmed.

## COUNT I
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

21. Webster restates paragraphs 1-20 and specifically incorporates them herein.

22. Title III of the Americans with Disabilities Act ("ADA") mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12172(a).

23. Further, the ADA bans the particular actions of the Defendant and its agents and employees: "An individual or entity shall not, directly or through contractual or other arrangements, utilize standards or criteria or methods of administration…that have the effect of discriminating on the basis of disability. 42 U.S.C. § 12172(b)(D)(i).

24. Under the ADA, discrimination against a person with a disability exists when "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

goods, services, facilities, privileges, advantages, or accommodations…" 42 U.S.C. §
12182(b)(2)(A)(ii).

25. Webster has a disability as defined under the ADA because she has "a physical or mental
impairment that substantially limits one or more major life activities." 42 U.S.C. §
12102(1)(a). An impairment that substantially limits one major life activity need not limit
other major life activities in order to be considered a disability.

26. Webster has requested a simple accommodation—elimination of an overly broad policy
(the mandates) based upon fear, speculation and ignorance, and with callous disregard for
Webster and those similarly situation.

27. Providing an accommodation as requested by Webster would not require Defendant to
fundamentally alter the nature of the activities of the Festival or present an undue burden
on the Festival; in short, a cessation of illegal activity by the Defendant will not impair
the functioning of the festival.

28. Under the ADA, Defendant must demonstrate that a person with a disability poses a
significant risk of substantial harm to the health or safety of others at the Festival if
provided a requested accommodation.

29. Defendant here cannot successfully support a defense of direct threat that Plaintiff
presents a unique threat to the health or safety of others because the requested
accommodation presents no risk of harm to the health and safety of others in the Festival
if provided.

30. As a result of this failure by the Defendant, Webster is facing the imminent, immediate
and total denial of her right of access required by the Americans with Disabilities Act.


Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

31. The Court is specifically authorized to issue immediate injunctive relief to protect the rights of the Plaintiff and those in her class, which must be done forthwith.

## COUNT II
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)
### (DECLARATORY JUDGMENT)

32. Plaintiff restates paragraphs 1-31 and specifically incorporates them herein.

33. Plaintiff is otherwise qualified to participate in the Festival but for the mandates imposed by the Defendant.

34. Defendant's inflexible mandate policy itself has the effect of discriminating against the Plaintiff and preventing her from participating in a public accommodation.

35. Defendant cannot show that its extreme policy represented any kind of compelling need.

36. Even if a compelling public health need existed, and even if the Defendant had superintendency power to act, both of which Plaintiff denies, and which it is Defendant's obligation to prove at trial, there was no nexus between the Defendant's need and the extreme policy as crafted.

37. Even if a compelling public health emergency existed, and even if the Defendant had power to act, and even if there was a nexus between the public need and the policy as crafted, all of which Plaintiff denies, and is Defendant's obligation to prove at trial, the policy was not narrowly tailored to meet the nexus, as the policy was overly broad in the equivalent of using a meat cleaver to split a grape.

38. Even if a compelling public health emergency existed, and even if the Defendant had the right to impose such mandates, and even if there was a nexus between the public need and the policy as crafted, and even if the policy was narrowly tailored to meet the nexus,



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

all of which Plaintiff denies, and it is the Defendant's obligation to prove at trial, the policy was still invalid in that it was wildly under inclusive, as it was aimed at a particularly narrow medical issue, and did not represent a purposeful health measure aimed at more dire medical circumstances. As was recently noticed in Logan Albright's recent book, Conform or be Cast Out, p. 151, "the amount of lives we could save by taking swift and decisive action to ban cars, planes, pools, sports, pets, stairs, hamburgers, sex, beer, cigarettes, electricity, and pillows, is incalculable. The reason we don't ban those things comes from a recognition that life is inherently risky, and a life which minimized every conceivable danger would not be one worth living."

39. Plaintiff has been harmed by denial of access under the Americans with Disabilities Act based upon the Defendant's action, as had other members of Plaintiff's class

40. Plaintiff requests declaratory judgment that Defendant's strict Covid mandates as implemented at the Festival violates Title III of the ADA.

WHEREFORE, Plaintiff does pray and request as follows:

1. That the Court declare that Defendant violated Plaintiff's rights as a person with a disability under the Americans with Disabilities Act by denying her reasonable accommodation request and refusing to engage in an interactive process to secure an alternative accommodation that would permit Plaintiff to attend the Festival.

2. Declare the policy to be overly broad and in violation of the ADA and enjoin further use of such mandates at future Festivals or events.

3. Based upon clear illegality, issue a preliminary injunction forthwith to bar enforcement of the mandates at the Festival.



Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
inbox@mountainstateslawgroup.com

4. That this Court award Plaintiff her costs, and attorney's fees in an amount to be determined; and

5. Any other relief deemed appropriate by this Court.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully Submitted,

**Marion Webster**

By her attorney,

Robert N. Meltzer, BBO #564745
The Mountain States Law Group
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
Phone: (978) 254 6289
inbox@mountainstateslawgroup.com

Dated: April 4, 2023


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

9

# EXHIBIT A

# To Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARION WEBSTER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO:_____ |
| ) | |
| NEW ENGLAND FOLK FESTIVAL ) | |
| ASSOCIATION, INC. ) | |
| ) | |
| ) | |
| Defendant ) | |

AFFIDAVIT OF MARION WEBSTER

I, Marion Webster, do depose and swear as follows:

1. I am the Plaintiff in this lawsuit.

2. This Affidavit is based upon my personal knowledge, and is submitted in support of my
   Motion for Preliminary Injunction based on my rights under the Americans with
   Disabilities Act, and its Title III Regulations found at 28 CFR Part 36 regarding my
   exclusion from a folk festival, a defined public accommodation because of my status  as
   an "individual or class of individuals on the basis of a disability or disabilities of such
   individual or class of individuals." 28 CFR §36.202.

3. Specifically, the "Covid" restrictions as being imposed on me as a qualified individual
   under the ADA, are a barrier to access to public accomodations.

4. I am of legal age.

5. Approximately 52 years ago, in the dark ages of psychiatric medicine, for a condition
   which I elect not to disclose, I was subject to 3-4 years of experimental pharmaceutical

drugs and dangerous and experimental therapies, of the kind that are now usually featured in horror movies. These "treatments" included extreme doses were of Thorazine and Stellazine.

6.  I spent several years in and out of hospitals, as much caused by the treatment as the underlying condition. Approximately 40 years, my body largely ceased to function normally. Their analysis of my situation has always been that those drugs and other treatments were so extreme over a number of years that they caused permanent brain and central nervous system damage. I was diagnosed with dyskinesia.

7.  Over the years, the fundamental life activities that have been impacted include breathing, digestion, elimination, coordination and sleep, the latter of which has caused its own problems. One of the primary impacts of experimental drugs and treatments and the resultant brain damage and nervous system damage is that my body chemistry is not normal, and my systems do not respond in typical fashion to medicines, therapies and treatments.

8.  My current medical provider is Dr. Abbas Qutab of Worcester, who has worked with me to stabilize my physical condition and has allowed me generally function as normally as possible, and to control the systems and impacts of the earlier medical abuse and malpractice.

9.  Dr. Abbas Qutab has categorically counseled against any mask use, based on the reduction of breathing and the resultant confusion, weakness, lack of concentration, headaches and other impacts of reduced oxygen. He has also absolutely counseled and advised against the experimental Covid 19 injection, as the reaction of an mRNA

injection with the my otherwise already compromised medical systems. I am under his medical supervision and I accept his advice had recommendations.

10. Notwithstanding my medical conditions, I am active in a number of what are often called "folk arts," music, contra dancing and the like.

11. One of my big lifetime passions is that I'm a singer. I used to be a folkie , but since 2004 moved over to bluegrass where the vocal harmonies are wonderful. I play mostly bluegrass mandolin now instead of guitar and have been in some wonderful bluegrass bands as a singer.

12. I have always enjoyed the New England Folk Festival, which is a great social, educational and cultural experience for me, and a chance to see and meet with old friends, and to be active and participating in the public atmosphere of the festival.

13. I was really excited about the New England Folks Festival for 2023, which would be the first in-person folk festival I would be able to attend for a number of years. It is being held at the Best Western Royal Plaza and Trade Center in Marlboro starting on April 21, 2023. (Exhibit A).

14. I was absolutely shocked when I saw the brochure, which had a "covid-19" policy that required face masks and proof of full vaccination, neither of which I am able to do. I saw the public records on Covid in Marlborough when this Complaint was being prepared, and I saw that Middlesex Count is reporting zero newly reported cases and "0 newly reported Covid-19 deaths on March 26, 2023." (Exhibit B).

15. I want the Court to understand that what the Festival is taking away from me isn't just access to an event or a party or a concert. I am being excluded from my community and my friends and my colleagues. This systemic exclusion doesn't check affect me

because of my disabilities, but also affects my whole community, since the Festival is likely excluding people who I spend time with. The reason I am asking for the injunction against the policy is not just because it keeps me out, but it keeps out the people who make the Festival what it is. I don't even understand why the Festival, which is supposed to be about community, would do this to us.

16. Leaving aside any questions of whether masks or vaccines are effective or work, there is simply no epidemic or pandemic that would require anybody to use masks or vaccines. Also, the Trade Center doesn't require these policies, and there were no exemptions for people like me who, regardless of the history of Covid-19, can't wear masks or have the mRNA injection that is demanded. I also noted that the rules don't require proof of medical fitness for dancing, proof of reasonable hearing for listening or proof of suitable vision for viewing. In short, the Festival is singling out for exclusion one historic virus, and barring access to those who are unable to participate in a public activity because of inability to engage in what is really virus theater.

17. I have been barred access to the New England Folk Festival because of my medical disability, which applies to me as an individual and a member of a class of individuals who, because of disability, cannot attend a public event in a public place.

18. I've given the Court a lot of information about my medical condition and disability that I don't like to talk about. I'm being more public than I want to be because I want the court to understand my frustration with this. The pandemic is over. I have dealt with more than two years of exclusion in large part because there was, at some level, reason for concern. But there is no reason for concern at this point. Now, I am being barred access because, clearly, some people just won't let go. Disabled people, in the post-

pandemic environment, consequently are being kept out of events not just because of who we are, but what we are.

19. I am frustrated and I am angry and I'm sad. But I am also concerned that if the Court does not act to protect people like me, this is never going to stop, and is never going to go away, and I am always going to be at the mercy of people to treat me like a second-class citizen because of I have a disability.

20. I am unaware of any insurance that the Festival might have to cover a judgment. I am also unaware of why the Festival thinks it can do this, since the Festival's lawyer responded rudely to my lawyer's polite invitation, to explain why the Festival thinks it has a legal right to ignore my disability. I want this court to tell the Festival that barring some evidence they produce, there is no emergency or pandemic, and the Festival can't treat people like this.

Sworn under the pains and penalties of perjury this 3rd day of April, 2023

# EXHIBIT A

## To Webster Affidavit

3MAR 13, 2023MAR 15, 2023MAR 17, 2023MAR 19, 2023MAR 21, 2023MAR 23, 2023MAR 25, 20230

In Middlesex County, there were 0 newly reported COVID-19 cases and 0 newly reported COVID-19 deaths on Mar 26, 2023

# EXHIBIT B

# To Webster Affidavit



New England Folk Festival
IN PERSON!
April 21-23, 2023

New England Folk Festival|IN PERSON|April 21-23, 2023 — NEFFA



NEFFA 2023 t-shirt design by Barbara Pixton

Vendor Opportunities

What Happens At The Festival?

Basics

New England Folk FestivalIN PERSON!April 21-23, 2023 – NEFFA



**T**he New England Folk Festival, widely known by the name NEFFA, is an annual folk festival that blends dance, music, crafts, and food from many places and cultures. This year is our 79th annual Festival and we hope that you will join us!

The Festival is run by the New England Folk Festival Association, a cultural and educational, volunteer-run, non-profit organization. The talent of our performers is also provided on a volunteer basis.

## Festival Basics

**When:** Friday April 21 to Sunday April 23, 2023. Our 79th Year!

**Where:** Best Western Royal Plaza Hotel and Trade Center, 181 Royal Plaza Drive West, Marlborough, MA 01752 (more info about our new site). BOOK YOUR ROOM! at the NEFFA Group Rate through March 20.

**What:** Schedule for 2023 is out!

**Who:** Lots of amazing performers – have a look at the Performer Index

**Performer Applications:** Now closed. Please read How to Apply as a Festival Performer and email Program Chair Lynn Noel (program AT neffa DOT org) if you have specific questions.

**Volunteer Application:** Open – click here! NEFFA runs on volunteers! You can earn free admission to the Festival by volunteering. Six hours earns the entire Festival (fewer hours are prorated). We need volunteers in many areas.

New England Folk FestivalIN PERSON!April 21-23, 2023 – NEFFA

**Tickets and Registration:** Buy your advance tickets now!  Tickets can be purchased online until midnight, Wednesday, April 19.

**COVID:** 2023 Festival COVID-19 Policies

# What Happens At The Festival?

NEFFA is unique because of the participatory nature of the events. Not only are there concerts and performances, but there are also opportunities for people of all ages and backgrounds to engage with music, dance, and folk arts culture.

- **Music:** There is music everywhere! You will find jam sessions, instrument workshops, group singing, and performances of folk music throughout the Festival.
- **Participatory Dance:** The Festival is known for its varied social dance program, which includes: Contra and traditional square dancing, international folk dancing, couple dancing, waltzing, English country, Scandinavian, and more. There are plenty of introductory workshops, as well as sessions geared towards intermediate and advanced dancers (a particular favorite is the no walk-through contra dance medley, which originated at the NEFFA Festival).
- **Discussion Sessions:** Thought-provoking dialogues provide a great opportunity to network with other Festival attendees with similar interests. These moderated discussion sessions cover a wide range of topics.
- **The NEFFA Annual Meeting:** NEFFA is an all-volunteer run organization. Come meet the Board, provide feedback, and ask questions.

## Festival Volunteers

The Festival runs as well as it does because of the efforts of hundreds of Festival volunteers. You can earn free admission by volunteering and enjoy being a part of a great group of people. Check out our volunteering page here: Call For Volunteers

## Program Book Advertising

NEFFA Program Guides are read by thousands of Festival-goers and provide entertainment and reference for months to come. Ad revenue helps us defray the cost of producing the books, which lets us keep admission prices as low as possible. Please consider placing an ad with us. Rates and Info can be found here.

## Be a Part of The Team

The New England Folk Festival Association works year-round not just on Festival planning, but also on a weekly contra dance, a monthly on-line concert series, the Ralph Page Legacy Weekend, and a grants program. Contact the NEFFA president (president AT neffa DOT org) if you are interested in getting involved.

# Vendor Opportunities

The Festival this year has a combined Crafts Room and Folk Bazaar.



New England Folk Festival ~ April 21-23, 2023

# NEFFA 2023 Festival COVID-19 Policy

We are excited to be gathering **in** person for NEFFA this year at the Best Western Royal Plaza Hotel and Trade Center in Marlborough, Massachusetts! Our goal is to provide an opportunity to celebrate and build community, while limiting the spread of disease. Below is our COVID-19 policy for this event, which applies to all NEFFA participants (audience members, performers, volunteers, vendors, etc.). We understand that no set of mitigating strategies will accommodate everyone's needs or preferences, so please read this policy carefully when deciding whether to attend NEFFA. We ask that you be respectful toward

NEFFA organizers (an intrepid band of volunteers!), take good care of each other, and support compliance with this policy.

Note that this policy is subject to change as the event nears, so watch this page for updates. (We do not expect policies to become substantially less cautious.)

Additional details and explanation for the first two policy points will appear in a dropdown if you click/tap on that policy item. A second click/tap will close that section.

**+ <u>Vaccination</u>: All participants must provide proof of full vaccination against COVID-19**. This means a complete initial dose/series and one or more boosters; the latest date on your vaccination record must be either 2022 or 2023. The bivalent booster is highly recommended, but it is not required. (*Read more…*)

**+ <u>Masking</u>: Participants must wear a high-quality mask at all times while indoors.** Acceptable masks include: N-95, KN-95, KF-94, or equivalent (no cloth masks, gaiters, valved masks, disposable paper medical/surgical masks, etc.). Enro cloth masks are an acceptable option. Masks must be worn correctly (covering nose, mouth, and chin). (*Read more…*)

<u>Testing</u>: **COVID testing for all participants is highly recommended.** Testing is a very helpful tool for limiting the spread of disease, and it can detect COVID even if you don't have symptoms. We recommend testing every day you attend NEFFA, but it is not required.

<u>Symptoms or Testing Positive</u>: **If you feel unwell at all, have a positive COVID test result, or have had COVID very recently (with a positive test or symptoms beginning less than 10 days ago), please do not attend NEFFA.** We'll have another Festival next year and would love to see you then!  We will refund tickets purchased in advance, if you are unable to attend due to illness.

# EXHIBIT B
# To Complaint

Robert N. Meltzer

*Attorney At Law*

March 9, 2023

New England Folk Festival Association, Inc.
Attn: Janet Yeracaris, President
67 Wildwood Avenue
Newton, MA 02460

James Henderson, Registered Agent
38 Brandymeade Circle
Stow, MA 01775

Re:   Denial of Service/Violation of Title III of the Americans With Disabilities Act/Denial of
the Privileges of Citizenship under the US Constitution, Massachusetts Declaration of Rights and
Other Applicable Federal Law

Dear Ms. Yeracaris:

Consistent with this office's practice of conducting federal litigation pertaining to responses to the alleged Covid 19 epidemic, I have been contacted by a consortium of disabled individuals, religious individuals, individuals of specific countries of origin and those of specific political beliefs who contend that as a result of "Covid" policies of the NEFFA Festival scheduled to take place in Marlboro from April 21-April 23, 2023, they are being excluded from attending a public event in a place of public accommodation.

The unlawful, unreasonable and unconstitutional efforts by your organization to make dubious medical procedures and practices a mandatory condition-precedent to attendance, identified in the attached document, bar and exclude individuals with disabilities, with religious objections and with specific political view-points from attending, without color of law. In short, you are about to present a folk festival that has been washed and rinsed of the folk who comprise much of our culture and who are your most traditional supporters. How ironic.

Leaving aside the interesting question of whether you could deny service on the basis of race, religion, national origin or age, which you are doing, you certainly cannot deny service based upon disability as defined by 42 U.S.C. 1281-12189, also known as the Americans with Disabilities Act, in conjunction with §36 of Title 28. The actions of the Commonwealth and local officials, which were ill considered and unlawful, do not strip citizens of the United States of their federally protected rights, nor did Congress amend the ADA as part of its various acts of Congress, signed by President Trump, to address the alleged epidemic. The ADA, as well as HIPAA, pre-empts state law and local orders. In short, regardless of how you feel about face masks or vaccines or tests, the policy that guides under federal law is "don't ask, don't tell," and creating the hostile environment you are creating is simply illegal.

33 Bradford Street
Concord, MA 01742
(978) 254-6289
r.meltzer@mountainstateslawgroup.com



The Mountain States Law Group®
COLORADO · MASSACHUSETTS · UTAH
IDAHO · WYOMING · WISCONSIN
info@mountainstateslawgroup.com

Leaving aside the fact that face masks are now recognized to be useless, the "vaccine" ineffective and testing procedurally defective, you, as a Massachusetts non-profit corporation involved in the public presentation of a cultural nature, may not mandate medical procedures, or inquire into the medical status of any participant or attendee. You may not eliminate entire classes of the disabled. You may not exclude entire classes of those of religious faith. You may not exclude those who espouses differing political philosophies,  or who decline to participate in political theater in violation of their First Amendment rights or who come from specific countries of origin. I note that even Dr. Whoopi Goldberg has now opined that the "pandemic" is over and normality has returned, thus apparently leaving your organization alone in its notion that medical necessity exists or that legal process exists to compel medical policy.

To be clear, I intend to file suit by April 1, 2023 to enjoin the enforcement of your Covid policies. If you insist on retaining these policies, you will need to convince a judge of your right to impose medical tests and medical conditions-precedent and to act in disregard of medical privacy laws, and to interrogate others as to their religious or political beliefs. I will also be investigating whether your policies and practices violate your non-profit status, which should likely be stripped based on your clear intent to discriminate in such an offensive manner.

The clock is ticking. I require written notice and proof that you have dropped these odious provisions and that you have notified the general public of your changed policy.

Thank you.

Very truly yours,

Robert N. Meltzer



# GOOD SCHNEIDER CORMIER FRIED & BROOKS

**Andrew Good**
ag@gscfboston.com

**Michael R. Schneider**
ms@gscfboston.com

**Philip G. Cormier**
pc@gscfboston.com

**Syrie D. Fried**
sf@gscfboston.com

**Benjamin Brooks**
bb@gscfboston.com

Attorneys-at-Law

83 Atlantic Avenue, Boston, MA 02110
Tel. (617) 523 5933   Fax (617) 523 7554
www.gscfboston.com

**Of Counsel**

**Keith S. Halpern**
kh@gscfboston.com

**Jeffrey G. Harris**
jh@gscfboston.com

March 30, 2023

Robert N. Meltzer, Esq.
33 Bradford Street
Concord, MA  01742

Re:  New England Folk Festival Association

Dear Mr. Meltzer,

My name is Syrie Fried.  I have been retained by the New England Folk Festival Association to respond to your letter of March 9, 2023.  In that letter you state your intent to seek an injunction against NEFFA in connection with its Covid policies for the 2023 festival.  You claim to represent a group of individuals who are being discriminated against for being disabled or for belonging to various unidentified religious or political groups.

You do not identify any disability, as that term is defined under the federal Americans with Disabilities Act,[1] suffered by your clients that is singled out by NEFFA's policies requiring masking and proof of vaccination.  It is clear that not being vaccinated and/or refusal to mask do not fall within the definition of "disability" under the ADA, and I am sure that no legal precedent holding otherwise exists.  Indeed, you have direct, unsuccessful experience in attempting to cast masking as creating a disability in the U.S. District Court in your own *pro se* attempt to have the state trial courts' mask mandates set aside.  *See* Mem. And Order in *Meltzer v. Trial Court of the Commonwealth*, Civ. No. 22-10230-FDS, dated December 9, 2022.  Your claims here are no more meritorious than the frivolous complaint you filed in that case.  It is highly dubious that you can even plead a theory of standing in light of Judge Saylor's treatment of that issue.  You are no doubt aware that sanctions may be imposed for filing a frivolous lawsuit, and in this case

---

[1]  An individual with a disability is defined by the ADA as (1) a person who has a physical or mental impairment that substantially limits one or more major life activities, (2) a person who has a history or record of such an impairment, or (3) a person who is perceived by others as having such an impairment.

you are on clear notice.

You have not identified any religious beliefs your clients hold that require them to refuse to be vaccinated or to wear masks in crowded public spaces. Any personal or private convictions held by your clients are not ipso facto religious in nature, and your declaring them to be so does not make them so.

Moreover, you have failed to make any plausible argument that you have a likelihood of success on the merits of whatever claim you might cobble together. Your prior *pro se* litigation demonstrates that you have no likelihood of success. Nor have you identified any irreparable harm your clients will suffer because NEFFA's Covid policies will keep them away from the festival.

As you are no doubt aware, the federal Covid emergency is still in force and does not expire until May 11, 2023, after the festival concludes. Certainly during this emergency period NEFFA is well within its rights to impose measures that are consistent with sound public health policy in order to protect its vendors, performers, and attendees. NEFFA's Covid policies are in line with those of other folk culture associations in this country that have hosted live events during this pandemic. In sum, NEFFA will not be modifying its Covid policies in response to your letter.

Sincerely,

Syrie D. Fried

# EXHIBIT C

# To Complaint

**r.meltzer mountainstateslawgroup.com**

| | |
|---|---|
| **From:** | r.meltzer mountainstateslawgroup.com |
| **Sent:** | Sunday, April 2, 2023 9:50 PM |
| **To:** | Syrie Fried |
| **Subject:** | RE: NEFFA matter |

Clearly we don't attend the same civility CLE seminars. Rob

**Robert N. Meltzer**
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
978 254 6289
r.meltzer@mountainstateslawgroup.com



The Mountain States Law Group®
COLORADO · MASSACHUSETTS · UTAH
IDAHO · WYOMING · WISCONSIN
info@mountainstateslawgroup.com

**From:** Syrie Fried <sf@gscfboston.com>
**Sent:** Sunday, April 2, 2023 9:49 PM
**To:** r.meltzer mountainstateslawgroup.com <r.meltzer@mountainstateslawgroup.com>
**Subject:** RE: NEFFA matter

It's not my job to convince you of anything. I have no intention of engaging with you any further on this. If you want to get a court order, go ahead and try, but this conversation between us is over.    Syrie

**From:** r.meltzer mountainstateslawgroup.com <r.meltzer@mountainstateslawgroup.com>
**Sent:** Sunday, April 2, 2023 9:45 PM
**To:** Syrie Fried <sf@gscfboston.com>
**Subject:** RE: NEFFA matter

Um no. If you think this is meritless, tell me why, since I think any defenses would be frivolous and I've made that clear. But I am open minded, and if you think you can change my mind that somehow the ADA doesn't apply, kindly tell me why. Actually, looks like we could stand on our roof tops and talk to each other. So what's wrong with talking?

Rob

**Robert N. Meltzer**
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
978 254 6289
r.meltzer@mountainstateslawgroup.com



**The Mountain States Law Group**®
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

**From:** Syrie Fried <sf@gscfboston.com>
**Sent:** Sunday, April 2, 2023 9:38 PM
**To:** r.meltzer mountainstateslawgroup.com <r.meltzer@mountainstateslawgroup.com>
**Subject:** RE: NEFFA matter

I'm not the person you need to convince. Take this to a judge, not me.

**From:** r.meltzer mountainstateslawgroup.com <r.meltzer@mountainstateslawgroup.com>
**Sent:** Sunday, April 2, 2023 9:36 PM
**To:** Syrie Fried <sf@gscfboston.com>
**Subject:** RE: NEFFA matter

Well, I've litigated nearly 100 of these in the past three years on a national level, so why don't you tell me why you think a non profit organization can create health policy and block people from attending based on their medical and religious status. I'm looking forward to hearing what you have to say. Convince me I'm wrong. Rob

**Robert N. Meltzer**
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
978 254 6289
r.meltzer@mountainstateslawgroup.com



**The Mountain States Law Group**®
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

**From:** Syrie Fried <sf@gscfboston.com>
**Sent:** Sunday, April 2, 2023 9:28 PM
**To:** r.meltzer mountainstateslawgroup.com <r.meltzer@mountainstateslawgroup.com>
**Subject:** RE: NEFFA matter

Good evening – I do not see any need for us to talk about a hearing date. If you're going to file something, file it and the court will contact us to set up a hearing. It is our view that this is a meritless complaint. If the court wants to schedule it for a hearing after it is reviewed, they will let us know. Syrie

**From:** r.meltzer mountainstateslawgroup.com <r.meltzer@mountainstateslawgroup.com>
**Sent:** Sunday, April 2, 2023 8:18 PM
**To:** Syrie Fried <sf@gscfboston.com>
**Subject:** RE: NEFFA matter

Syrie, thanks for your letter. Can we talk on Tuesday to coordinate a date for a prelim injunction hearing? rob

**Robert N. Meltzer**
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
978 254 6289
r.meltzer@mountainstateslawgroup.com



**The Mountain States Law Group**
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

**From:** Syrie Fried <sf@gscfboston.com>
**Sent:** Thursday, March 30, 2023 4:29 PM
**To:** r.meltzer mountainstateslawgroup.com <r.meltzer@mountainstateslawgroup.com>
**Subject:** NEFFA matter

Good afternoon Mr. Meltzer – I am Syrie Fried; I have been retained by NEFFA. Attached please see the organization's response to your letter of March 9, 2023 regarding its Covid-19 policies and the upcoming NEFFA festival. This letter was also sent to you today via certified mail.

**Syrie D. Fried**
**Good Schneider Cormier & Fried**
**83 Atlantic Avenue**

3

Boston, Massachusetts 02110
Tel. 617-523-5933
Fax. 617-523-7554
Cell. 617-821-1409
sf@gscfboston.com
www.gscfboston.com



4